UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVE SHIRA, | ) | CASE NO.  5:10cv1787 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| FIRST MERIT BANK, NA, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Dave Shira filed this action against Defendants First Merit Bank, NA ("FMB") and William Yarbough, IV, a criminal investigator for FMB on August 12, 2010.[1] (Compl., Doc. No. 1.) The Complaint alleges claims of fraud and deceit based on allegations that FMB refused to honor the power of attorney granted to Plaintiff by his aunt and that Defendant Yarbough prevented Plaintiff's aunt from doing her intended business at FMB. (*Id.* at 2.) The Complaint seeks relief of damages in the amount of $75,000. (*Id.*) Also, before this Court is Plaintiff's Motion to Proceed *In Forma Pauperis.* (Doc. No 2.)

**I. Legal Standard**

Complaints filed by a *pro se* plaintiff must be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*,

---

[1] Plaintiff supplemented his Complaint on September 13, 2010. (Doc. No. 5). As this supplement adds neither additional claims nor amends any jurisdictional allegations of the original Complaint, the Court need not refer to any portion of it for the purposes of this dismissal.

429 US. 97, 106 (1976)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007*)* (citations omitted). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3. This requirement applies to all plaintiffs, including those proceeding *pro se*. *See Garrett v. Belmon Co. Sheriff's Dept.,* No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010); *Nat'l Bus. Devel. Serv., Inc. v. Am. Credit Educ. and Consulting, Inc.,* 299 F. App'x 509, 511 (6th Cir. 2008).

A district court is required to dismiss complaint under 28 U.S.C. §1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court shall dismiss the action for lack of subject-matter jurisdiction under § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at * 2 (6th Cir June 19, 1999) (citing *Michigan Sav. & Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982)). For the reasons stated below, this action is **DISMISSED**.

**II. Law and Analysis**

As described above, the Complaint alleges only fraud and deceit claims, which are common-law state claims. *See, e.g., Carder Buick-Olds Co. v. Reynolds & Reynold, Inc.*, 148 Ohio App. 3d 635, 651 (2002). Because a federal question is not involved, this Court only has subject-matter jurisdiction over the action if diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. 1332(a).

Plaintiff alleges that he is entitled to damages equaling $75,000. (Doc. No. 1 at 2.) Accordingly, this matter does not meet the minimum threshold for the amount in controversy, and dismissal is warranted. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) ("To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.").

Even if the Complaint alleged an adequate amount in controversy, dismissal would nonetheless be warranted because the parties are not "citizens of different states," as required by 28 U.S.C.§ 1332(a). A corporation, for diversity jurisdiction purposes, is "deemed to be a citizen of any State by which it has been incorporated" and "of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Federally chartered national banks are not incorporate in any state, but are chartered by the Comptroller of the Currency of the U.S. Treasury. *See Wachovia Bank v. Schmidt,* 546 U.S. 303, 306 (2006). For diversity jurisdiction purposes, Congress has provided that national banks "shall [...] be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The United States Supreme Court interpreted "located" and held that "that a national bank, for §

1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia*, 546 U.S. at 307. It is not a citizen of every state in which it has a branch office. *Id.; Horton v. Bank One, NA*, 387 F,3d 426, 429 (5th Cir. 2004). FMB is headquartered in Akron, Ohio. *See Fornshell v. First Merit Corp.*, 2006 WL 3545134, at * 1 (N.D. Ohio, Dec. 8, 2006). Accordingly, FMB is a citizen of Ohio for diversity purposes. Because Yarbough and Plaintiffs are also citizens of Ohio (*see* Doc. No. 1 at 1), there is no diversity of parties. Accordingly, this Court lacks subject-matter jurisdiction over this action, and it must be dismissed.

**III. Conclusion**

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **GRANTED**. Furthermore, this action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(h).[2] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: October 14, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Since the Court has decided to dismiss this action *sua sponte*, the Motions to Dismiss filed by Defendants are hereby **DENIED**, as they are rendered moot. (Doc. Nos. 4 & 6.) Likewise Plaintiff's motion to release funds is hereby **DENIED**. (Doc. No. 11.)